**KPMG LLP, a Delaware Limited Liability Partnership, Plaintiff–Appellee,**

v.

**Kurt KANAM, individually and as Tribal Attorney for the Native Village of Karluk and Orbie Mullins, individually and as Village of Karluk Tribal Court Judge for the Karluk Trial Court for the Native Village of Karluk, Defendants–Appellants.**

**No. 15–35714**

United States Court of Appeals, Ninth Circuit.

Submitted June 9, 2016 *
Seattle, Washington

FILED June 21, 2016

George E. Greer, Charles John Ha, Orrick, Herrington & Sutcliffe LLP, Seattle, WA, James Torgerson, Principal Litigation Counsel, Stoel Rives LLP, Anchorage, AK, for Plaintiff–Appellee.

Kurt Kanam, Olympia, WA, Pro Se.

Orbie Mullins, Toledo, WA, Pro Se.

Before: EBEL,** PAEZ, and BYBEE, Circuit Judges.

MEMORANDUM ***

Appellants Kurt Kanam and Orbie Mullins filed their interlocutory appeal challenging the district court's order granting KPMG a preliminary injunction. We have jurisdiction pursuant to 28 U.S.C. § 1292(a)(1), and we affirm.

Although Kanam and Mullins received notice and service of KPMG's motion for a preliminary injunction, they failed to oppose KPMG's motion before the district court. Neither Kanam nor Mullins filed an opposition brief or appeared at the district court's hearing on the motion for a preliminary injunction. Instead, they raised their objections to the preliminary injunction for the first time on appeal. Under our case law, failure to raise an issue before the district court waives consideration of that issue on appeal. *K.W. ex rel. D.W. v. Armstrong*, 789 F.3d 962, 974 (9th Cir. 2015). Accordingly, the district court's order granting preliminary injunctive relief is

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** The Honorable David M. Ebel, Senior Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.